IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERENICE THOREAU DE LA SALLE,

    Plaintiff,         No. CIV S-09-2701 MCE KJM PS

    vs.

AMERICA'S WHOLESALE LENDER, et al.,

    Defendants.       FINDINGS AND RECOMMENDATIONS

_____/

  Defendants' motion to dismiss is pending before the court. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. Background

  In this action, plaintiff challenges the foreclosure of her home. On April 28, 2005, plaintiff signed an adjustable rate note in the amount of $668,000. First Amended Complaint ("FAC"), Ex. 1. The note was secured by a Deed of Trust on the subject property. Plaintiff asserts defendants do not have the right to foreclose. Plaintiff alleges claims under the Truth in Lending Act ("TILA"), the Federal Fair Debt Collection Practices Act ("FDCPA"), the Federal Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement Procedures Act ("RESPA") and for violation of due process. Plaintiff further alleges state causes of action for fraud, statutory

violations of the California Civil Code, and violation of the California Unfair Competition Law ("UCL"). Plaintiff also seeks injunctive relief and declaratory relief. Defendants move to dismiss all claims.

II. <u>Analysis Of Plaintiff's Claims</u>

Plaintiff's first cause of action for recoupment under TILA cannot lie because recoupment can only be asserted as a defense. Under California law, a nonjudicial foreclosure sale is not an action; moreover, no creditor has sued plaintiff for any deficiency. <u>See</u> <u>Garretson v. Post</u>, 156 Cal. App. 4th 1508, 1520-21 (2007); <u>see also</u> Cal. Civ. Code § 2924; Cal. Code Civ. Proc. § 580a <u>et seq.</u>

Plaintiff's claim under the FDCPA cannot lie because mortgagees and mortgage servicing companies are not debt collectors under the FDCPA and the state statute. <u>See</u> <u>Scott v. Wells Fargo Home Mortg., Inc.</u>, 326 F. Supp. 2d 709, 718 (E. D. Va.), <u>aff'd</u>, 67 Fed. Appx. 238 (4th Cir. 2003) ("mortgagors [sic] and mortgage servicing companies" not debt collectors under FDCPA); 15 U.S.C. § 1692a(6)(A) (under FDCPA, "debt collector" defined as one who collects consumer debts owed to another, not including an officer or employee of a creditor while collecting debts in the name of the creditor).

In the third cause of action, plaintiff seeks declaratory relief regarding her contention that defendants do not have the right to foreclose. Defendant MERS is the nominee, as established by the Deed of Trust, and has the right to initiate foreclosure proceedings. FAC, Ex. 2; <u>see</u> <u>Swanson v. EMC Mortgage Corp.</u>, 2009 WL 3627925 (E.D. Cal. 2009) (MERS is properly designated beneficiary under deed of trust and has authority to commence non-judicial foreclosures). Thus, plaintiff is not entitled to the declaratory relief she seeks.

Plaintiff's fourth cause of action alleging a violation of due process fails because defendants are not state actors. To the extent plaintiff is trying to predicate her due process claims on violations of the Home Affordable Modification Act (HAMP), the Troubled Asset Relief Program (TARP), or the National Housing Act ("NHA"), there is no private right of action

afforded under those statutes nor do they create a protected property interest. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (no private right of action against TARP fund recipients); Williams v. Geithner, 2009 WL 3757380, *6-7 (D. Minn. 2009) (no protected property interest under HAMP); Baker v. Northland Mortg. Co., 344 F. Supp. 1385, 1386 (N.D. Ill. 1972) (NHA gives mortgagor no claim to a duty owed by mortgagee).

The fifth cause of action under the FCRA fails because the premise of this cause of action is that defendants wrongfully represented to the credit bureaus that plaintiff owes a sum on a mortgage loan. Plaintiff admits that her current debt as of January 2009 is the sum reported to the credit agency. FAC, Ex. 4. Plaintiff fails to allege a wrongful representation sufficient to establish any falsity in defendants' credit reporting. Cf. Marks v. Ocwen Loan Servicing, 2009 WL 975792, *7 (N.D. Cal. 2009).

Plaintiff's claim for fraud alleges there were fraudulent representations in the origination of her loan. The deed of trust was executed on April 28, 2005 and this action was filed September 29, 2009. Plaintiff's fraud claim is therefore barred by the three year statute of limitations provided under California Code of Civil Procedure § 338(d).

Plaintiff's claim under RESPA is also deficient. Under 12 U.S.C. § 2605(e)(1), a servicer must provide information relating to the servicing of the loan upon a qualified written request ("QWR") by the borrower. Requests for information about loan origination and transfer of the loan do not trigger the protections afforded the borrower under section 2605. See MorEquity, Inc. v. Naeem, 118 F.Supp. 2d 885, 901 (N.D. Ill. 2000). Even if plaintiff's letters can be construed as a QWR, plaintiff received a complete response comporting with the requirements under RESPA. FAC, Ex. 14(e); see 12 U.S.C. § 2605(e)(2).

Plaintiff also alleges claims under two statutes recently enacted in California in response to the foreclosure crisis. California Civil Code § 2923.6 addresses the rights and obligations of a loan servicer with respect to participants in a loan pool. There is no private right

of action created under this statute. See Farner v. Countrywide Home Loans, Inc., 2009 WL 189025, *22 & n.1 (S.D. Cal. 2009) (no private right of action for borrowers); Ruiz v. Saxon Mort. Services, 2009 WL 1872465, *2 n.2 (C.D. Cal. 2009) (no cognizable claim for wrongful foreclosure under statute). Under California Civil Code § 2923.5, a mortgagee, trustee, beneficiary or authorized agent must contact or diligently attempt to contact the borrower before recording a notice of default and must declare it has done so. Cal. Civ. Code §§ 2923.5(a)(1), (b). Assuming, without deciding, that section 2923.5 creates a private right of action, the allegations in plaintiff's complaint are fatal to a viable claim under this statute. Plaintiff admits she spoke with an employee of defendants regarding loan modification, that the request for loan modification was denied in January 2009, and that the notice of default and declaration was not recorded until July 2009. FAC ¶ 29, Exs. 4, 6, 8. Under these circumstances, plaintiff cannot state a claim under section 2923.5.

In the tenth cause of action, plaintiff alleges a claim under the UCL, California Business and Professions Code § 17200. A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law. See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL). Because the UCL claim is predicated on the same conduct giving rise to plaintiff's other causes of action, all of which are subject to dismissal, the UCL claim fails as well.[1]

Finally, plaintiff alleges a claim for breach of the covenant of good faith and fair dealing. This claim cannot lie inasmuch as defendants are entitled to foreclose on plaintiff's property, as allowed by the contract. See Wolf v. Walt Disney Pictures & Television, 162 Cal.

---

[1] But see Biggins v. Wells Fargo & Co., 2009 WL 2246199 (N.D. Cal. 2009) (allowing amendment of a complaint to allege a UCL claim including reliance on California Civil Code § 2923.6(b)).

App. 4th 1107, 1120 (2008) (implied covenant will not be read into contract to prohibit that which is expressly permitted by agreement itself).  To the extent plaintiff contends defendants violated this covenant by denying her request for loan modification, the claim fails as a matter of law because the implied covenant does not require parties to negotiate in good faith.  See McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 799 (2008).

III.  Motion For Temporary Restraining Order

On March 24, 2010, plaintiff moved for a temporary restraining order.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders that are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D. N.Y. 1990).

The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria traditionally are treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in

original)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting <u>Martin</u>, 740 F.2d at 675).

As discussed above, all of plaintiffs claims should be dismissed.  Plaintiff cannot prevail on the merits; accordingly, the motion for temporary restraining order should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted;

2. Plaintiff's motion for temporary restraining order be denied; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 13, 2010.

_____
U.S. MAGISTRATE JUDGE

006
delasalle.57