UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BERENICE THOREAU
DE LA SALLE,                               No. 2:09-cv-02701-MCE-KJM

        Plaintiff,

    v.                                     MEMORANDUM AND ORDER

AMERICA'S WHOLESALE LENDER;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
RECONTRUST COMPANY, N.A.; BAC
HOME LOANS SERVICING, LP; JOHN
OR JANE DOES 1 through 100,

        Defendants.

                          ----oo0oo----

    Presently before the Court is Plaintiff's Ex Parte
Application for Temporary Restraining Order and Preliminary
Injunction ("Application") pursuant to Federal Rule of Civil
Procedure 65(b).  Plaintiff Berenice Thoreau De La Salle
("Plaintiff") seeks to enjoin Defendants America's Wholesale
Lender, Mortgage Electronic Registration Systems, Inc.,
ReconTrust Company N.A. and BAC Home Loans Servicing, LP *fka*
Countrywide Home Loans Servicing, LP, LLC ("Defendants") from
conducting a non-judicial foreclosure sale of her home, currently
scheduled for 2:00 p.m., April 16, 2010.

                               1

1    Issuance of a temporary restraining order, as a form of

2    preliminary injunctive relief, is an extraordinary remedy, and

3    Plaintiffs have the burden of proving the propriety of such a

4    remedy by clear and convincing evidence.  <u>See</u> <u>Mazurek v.</u>

5    <u>Armstrong</u>, 520 U.S. 968, 972 (1997); <u>Granny Goose Foods, Inc. v.</u>

6    <u>Teamsters</u>, 415 U.S. 423, 442 (1974).  Certain prerequisites must

7    be satisfied prior to issuance of a temporary restraining order

8    ("TRO").  <u>See</u> <u>Granny Goose Foods, Inc. v. Brotherhood of</u>

9    <u>Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974) (stating

10   that the purpose of a TRO is "preserving the status quo and

11   preventing irreparable harm just so long as is necessary to hold

12   a hearing [on the preliminary injunction application], and no

13   longer").

14   In general, the showing required for a temporary restraining

15   order is the same as that required for a preliminary injunction.

16   <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240

17   F.3d 832, 839 (9th Cir. 2001).  Following the Supreme Court's

18   decision in <u>Winter v. Natural Resources Defense Council</u>, 129 S.

19   Ct. 365 (2008), the party requesting preliminary injunctive

20   relief must show that "he is likely to succeed on the merits,

21   that he is likely to suffer irreparable harm in the absence of

22   preliminary relief, that the balance of equities tips in his

23   favor, and that an injunction is in the public interest."

24   ///

25   ///

26   ///

27   ///

28   ///

2

1   <u>Stormans, Inc. v. Selecky,</u> 586 F.3d 1109, 1127 (9th Cir. 2009)

2   (quoting <u>Winter</u>, 129 S.Ct. at 374; <u>see also</u> <u>American Trucking</u>

3   <u>Assocs. Inc. v. City of Los Angeles,</u> 559 F.3d 1046, 1052 ("To the

4   extent that our cases have suggested a lesser standard [than that

5   required for injunctive relief by <u>Winter</u>], they are no longer

6   controlling, or even viable.").

7        The Court has reviewed Plaintiff's Ex Parte Application for

8   Temporary Restraining Order ("TRO").  Plaintiff has failed to

9   show the requisite likelihood of success on the merits to warrant

10  equitable relief.

11       Prior to Plaintiff's Application for TRO, Defendants moved

12  to dismiss Plaintiff's Complaint in its entirety for failure to

13  state a claim upon which relief may be granted.  On April 13,

14  2010, Magistrate Judge Kim Mueller issued Findings and

15  Recommendations granting Defendants' Motion.

16       While the Court need not at this time formally adopt Judge

17  Mueller's findings, as a result of the request for a Temporary

18  Restraining order, the recommendation dismissing Plaintiff's

19  claims serves as an indication that such claims fall short of the

20  "likelihood of success" necessary for granting a TRO.  Rather,

21  the magistrate judge questioned the legal sufficiency of each of

22  Plaintiff's eleven causes of action.

23       The Court can not, on these grounds, provide Plaintiff the

24  extraordinary relief requested.  The very purpose of a TRO is to

25  preserve the status quo, which in this case is one where

26  Plaintiff's home was contracted as a security interest for her

27  mortgage loan.

28  ///

1   Thus to enjoin Defendants from exercising its rights over said

2   security interest, without clear legal justification, would not

3   preserve, but drastically alter, the status quo.

4       Consequently, for the reasons stated above, Plaintiff's

5   Application for Temporary Restraining Order is DENIED without

6   prejudice.

7       IT IS SO ORDERED.

8   Dated: April 14, 2010

9

10

11  _____
    MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            4